Case 2:17-cr-00539 Document 38 Filed on 06/09/21 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:17-539 |
| VERNON SONSTENG,<br>　Defendant. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Vernon Sonsteng's "Motion for Clarification or Resentence Under 18 U.S.C. 3582(c)(1)(B)." D.E. 37.

## I. BACKGROUND

In 2018, Defendant was sentenced to 56 months' imprisonment after pleading guilty to aggravated identity theft and knowingly possessing with the intent to use unlawfully or transfer unlawfully five or more false identification documents. At the time of his arrest, he was on parole in Texas, and a state parole warrant was issued. Defendant now moves the Court for sentencing credit for the time he spent in a federal detention facility between his arrest on July 17, 2017, and sentencing on January 23, 2018. In the alternative, he moves the Court to order that his federal sentence shall run concurrently with any subsequent state sentence for a parole violation.[1] Defendant has provided a copy of the Central Office Administrative Remedy Appeal he submitted to the Bureau of Prisons (BOP) on January 18, 2020, appealing the Regional Director's denial of sentencing credit. D.E. 37-1.

## II. MOTION FOR SENTENCING CREDIT

The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. *See Pack v. Yusuff*, 218 F.3d

---

1. It is unclear whether Defendant's state parole has been revoked, and what sentence he received, if any.

1

448, 451 (5th Cir. 2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241); *United States v. Gabor*, 905 F.2d 76, 77–78 n.2 (5th Cir. 1990). A challenge to the BOP's calculation of sentencing credit pursuant to 28 U.S.C. § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at FCI Bastrop, which is located in the Western District of Texas. Assuming Movant remains incarcerated in Bastrop, he should file any § 2241 petition in that district.

### III. MOTION TO RUN FEDERAL AND STATE SENTENCES CONCURRENTLY

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see also* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010). Although a federal court has discretion to permit the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) ("district court may order that a federal sentence run concurrent with a forthcoming state sentence").

The Judgment is silent as to whether Defendant's federal sentence is to run consecutively or concurrently with any forthcoming state sentence. The presumption is that Defendant's federal sentence runs consecutively to his later-imposed state sentence, and the Court has limited authority to amend the judgment.

The record shows that the Court made no comment regarding concurrency at sentencing. Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006) (district court made no clerical error in its written judgments and did not err in denying Rule 36 motion, where judgment was silent as to concurrency and court made no comment on concurrency at sentencing). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at *2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's "Motion for Clarification or Resentence Under 18 U.S.C. 3582(c)(1)(B)" (D.E. 37) is **DENIED**.

It is so **ORDERED** this 9th day of June, 2021.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE